

BRYAN CAVE LLP   One Atlantic Center, 14th Floor, 1201 W. Peachtree Street, N.W., Atlanta, GA 30309-3471
T: 404 572 6600  F: 404 572 6999   bryancave.com

June 14, 2018

**BY EMAIL**

The Honorable Magistrate Judge Johnston
Stanley J. Roszkowski United States Courthouse
327 South Church Street
Rockford, IL 61101
Proposed_Order_Johnston@ilnd.uscourts.gov

Re:   City of Rockford, et al. v. Mallinckrodt ARD Inc., et al., 17-cv-50107
      MSP Recovery Claims, Series LLC, et al. v. Mallinckrodt ARD Inc., et al., 18-cv-00379

Dear Magistrate Judge Johnston:

In accordance with this Court's Minute Entry dated May 23, 2018 and the direction from the Court at the May 23, 2018 status conference, the Parties jointly submitted a partially agreed ESI Protocol earlier today. As noted in that submission, the Parties are separately informing the Court of their respective positions regarding the single provision of the ESI Protocol which remains in dispute. Defendants together submit this letter for the Court's consideration.

As background, the Court provided direction on certain provisions of the draft ESI Protocol at the May 23, 2018 status conference, and the Parties met and conferred at the Courthouse for several hours on that same day. Subsequently, the Defendants prepared a revised draft of the ESI Protocol which incorporated the Court's guidance and progress from the Parties' meet and confer. Defendants provided this draft to Plaintiffs on June 7, 2018. The Parties met and conferred again by phone on June 8, 2018.

Following that teleconference, Defendants provided a further revised draft to Plaintiffs on June 12, 2018. In that draft, Defendants included proposed compromise language for Section 5(a)(4), which begins on the bottom of page 6. On June 13, 2018, Plaintiffs informed Defendants that the draft was acceptable except for Section 5(a)(4), as Plaintiffs would not accept Defendants' proposed compromise language. Thus, the Parties are in agreement as to all provisions of the ESI Protocol except for Section 5(a)(4). As detailed below, Plaintiffs' proposed language for Section 5(a)(4) will impose additional and unnecessary expense and burden on the producing party, and should thus be rejected.

For ease of reference, the competing proposals for the language of Section 5(a)(4) are as follows, in full:



BRYAN CAVE LLP  One Atlantic Center, 14th Floor, 1201 W. Peachtree Street, N.W., Atlanta, GA 30309-3471
T: 404 572 6600  F: 404 572 6999  bryancave.com

>   PLAINTIFFS' PROPOSAL: The producing party agrees to quality check the data that does not hit on any terms (the Null Set) by selecting a statistically random sample of documents from the Null Set. The size of the statistically random sample shall be calculated using a confidence level of 95% and a margin of error of 2%. If responsive documents are found during the Null Set review, the producing party agrees to produce the responsive documents separate and apart from the regular production. The parties will then meet and confer to determine if any additional terms, or modifications to existing terms, are needed to ensure substantive, responsive documents are not missed.
>
>   DEFENDANTS' PROPOSAL: If, after the producing party has completed its document production, the requesting party reasonably believes that certain categories of requested documents exist that were not included in the production, the parties will meet and confer to discuss whether additional search terms are necessary.

For context, Sections 5(a)(1−3), which precede the provision in dispute, set out the process for searching electronically stored information. Generally, they provide that "the producing party will provide a list of proposed search terms to the requesting party and the parties will meet and confer regarding any additional terms proposed by the requesting party." Then, "once an initial list of terms is agreed upon, the producing party will provide a search term hit list or hit report after global de-duplication." With this information, the Parties will have the opportunity to "modify [search] terms, if necessary." To the extent there are disputes over search terms, the parties will (and must) meet and confer before submitting any dispute to the Court.

Plaintiffs' proposal for Section 5(a)(4) obligates a producing party to review documents which *did not hit on any agreed upon search term* (the so-called "Null Set") and then opens the door to additional search terms and productions. Under Plaintiffs' language, the parties agree to search terms, test those search terms, have the opportunity to modify those search terms and meet and confer – but the producing party would still be further obligated to undertake a review of documents which did not hit on any search term whatsoever. In short, Plaintiffs' proposal invites a costly and time-consuming fishing expedition that would undermine the whole purpose of developing search terms in the first place – which are designed to limit the burden and scope of searching through electronically stored information. *See Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10-CV-204, 2012 WL 1886353, at fn. 3 (N.D. Ill. May 23, 2012) ("Had the parties exchanged search terms, *or better yet, agreed to search terms* and the temporal scope of their respective searches, it would have saved significant time and resources." (emphasis added)). Tellingly, the Seventh Circuit Model Order does not contemplate the review of a "Null Set."

Sections 5(a)(1−3) already detail a robust process for selecting and vetting search terms and satisfy the spirit and goals of both the Seventh Circuit Model Order and Federal Rule of Civil Procedure 26. And Defendants' proposed language for Section 5(a)(4) provides further assurances for a receiving party that it has a mechanism for recourse if a completed production reasonably appears inadequate. Moreover, instead of imposing a blanket obligation to search a large number of documents that did not hit on search terms, under Defendants' proposal, the parties can jointly develop a more narrowly-tailored approach depending upon what types of documents are absent from a production that the receiving party reasonably expected that production to contain.



BRYAN CAVE LLP  One Atlantic Center, 14th Floor, 1201 W. Peachtree Street, N.W., Atlanta, GA 30309-3471
T: 404 572 6600  F: 404 572 6999   bryancave.com

For the foregoing reasons, Defendants respectfully request that the Court reject Plaintiffs' Proposal and adopt Defendants' Proposal for the language in Section 5(a)(4).

Respectfully,

**COUNSEL FOR DEFENDANTS**

/s/ Scott Collins Sullivan
Scott Collins Sullivan
WilliamsMcCarthy LLP
120 West State St.
P.O. Box 219
Rockford, IL 61105-0219
(815) 987-8900
ssullivan@wilmac.com

G. Patrick Watson
Lindsay Sklar Johnson
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., NW
Atlanta, GA 30309
(404) 572-6600
patrick.watson@bclplaw.com
lindsay.johnson@bclplaw.com

Rebecca A. Nelson
Herbert R. Giorgio, Jr.
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
ranelson@bclplaw.com
herb.giorgio@bclplaw.com

Philip D. Bartz
Bryan Cave Leighton Paisner LLP
1155 F Street, N.W.
Washington, DC 20004
(202) 508-6000
Email: philip.bartz@bclplaw.com

**MALLINCKRODT PLC and MALLINCKRODT ARD INC.**



BRYAN CAVE LLP  One Atlantic Center, 14th Floor, 1201 W. Peachtree Street, N.W., Atlanta, GA 30309-3471
T: 404 572 6600  F: 404 572 6999  bryancave.com

/s/ Matthew M. Martino
Matthew M. Martino (admitted pro hac vice)
Robert A. Fumerton (admitted pro hac vice)
Patrick G. Rideout (admitted pro hac vice)
Michael H. Menitove (admitted pro hac vice)
Evan R. Kreiner (admitted pro hac vice)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
matthew.martino@skadden.com
robert.fumerton@skadden.com
patrick.rideout@skadden.com
michael.menitove@skadden.com
evan.kreiner@skadden.com

Amy Van Gelder
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL 60606
(312)407-0700
amy.vangelder@skadden.com

**COUNSEL FOR DEFENDANTS EXPRESS SCRIPTS HOLDING COMPANY, EXPRESS SCRIPTS, INC., CURASCRIPT, INC., ACCREDO HEALTH GROUP, INC., and UNITED BIOSOURCE CORPORATION**